UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MASTEC INDUSTRIAL CORP<br>f/k/a MasTec Power Corp.,<br><br>    Plaintiff,<br><br>vs.<br><br>ASCEND PERFORMANCE<br>MATERIALS OPERATIONS LLC &<br>THE INDUSTRIAL<br>DEVELOPMENT BOARD OF<br>THE CITY OF DECATUR,<br><br>    Defendants. | Case No.  5:23-cv-00228-HNJ |

## MEMORANDUM OPINION AND ORDER

Plaintiff, MasTec Industrial Corp. f/k/a MasTec Power Corp. (MasTec), filed this case on February 20, 2023, in the Circuit Court of Morgan County, Alabama. (Doc. 1-1). MasTec asserts claims for enforcement of liens against Ascend Performance Materials Operations, LLC (Ascend), and the Industrial Development Board of the City of Decatur (IDB). The claims arise from unpaid amounts MasTec alleges Defendants owe it under a December 2, 2019, contract "for the engineering, procurement, construction, precommissioning, commissioning, start-up, and testing of a turnkey cogeneration steam power plant" on property located in Decatur, Alabama (the property). (*Id.* ¶ 6). On February 23, 2023, Ascend removed the case to this court based upon satisfaction of the requirements of the diversity statute, 28 U.S.C. § 1332.

(Doc. 1).[1]

MasTec's Complaint alleges Ascend owned the property on May 4, 2020, the date on which MasTec commenced work under the contract. (Doc. 1-1, ¶¶ 15-16). MasTec conveyed the property to IDB on May 22, 2020, and on the same date, IDB granted Ascend a leasehold interest in the property. (*Id.* ¶ 17-18).

On March 24, 2023, IDB filed a motion to dismiss, asserting it sold the property back to Ascend on February 22, 2023, with the conveyance deed recorded on February 28, 2023. (Doc. 5, at 1-2; Doc. 5-1). IDB and Ascend also mutually terminated their

---

[1] According to the Notice of Removal, MasTec constitutes a Florida corporation with its principal place of business in Colorado, making it a citizen of both Florida and Colorado. Ascend constitutes a Delaware limited liability company whose sole member is a Delaware corporation with its principal place of business in Texas, making it a citizen of both Delaware and Texas. IDB constitutes an Alabama non-profit corporation. Thus, complete diversity of citizenship exists. (Doc. 1, at 2-3). Moreover, the amount in controversy easily exceeds $75,000, as MasTec seeks judgment in the principal amount of $23,618,689.50, plus interest, costs, attorney's fees, and expenses. (*Id.* at 3; Doc. 1-1, at 15).

    IDB's Alabama citizenship does not preclude removal, despite the removal statute's admonition that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [addressing diversity of citizenship] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This so-called "forum defendant rule" presents a procedural bar to removal, not a substantive bar. *King v. S. Poverty L. Ctr., Inc.*, 594 F. Supp. 3d 1272, 1276 n.3 (M.D. Ala. 2022) (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998)). Either the court or the non-removing party must raise a procedural challenge within 30 days of filing the notice of removal; otherwise, one waives the challenge. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Dye v. Sexton*, 695 F. App'x 482, 484-85 (11th Cir. 2017) (citing *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410-11 (11th Cir. 1997)) ("District courts are also 'bound by th[at] thirty-day limit,' meaning that they can *sua sponte* remand a case based on a procedural defect only if they do so within 30 days after the filing of the notice of removal.") (alteration in original). As more than 30 days have passed since Ascend filed the notice of removal on February 23, 2023, and MasTec has not filed a motion to remand, the court can not apply the forum defendant rule.

lease agreement on February 22, 2023, and they recorded the termination on February 28, 2023.  (Doc. 5, at 2; Doc. 5-2).[2]  IDB requests dismissal of MasTec's claims against it, as it no longer owns the property or leases it to Ascend.  (Doc. 5, at 2).

Ascend does not oppose MasTec's motion.  (Doc. 5, at 3).  MasTec

> generally does not oppose the IDB's Motion to dismiss (a) to the extent Alabama law permits the dismissal of IDB because it is undisputed that "IDB does not own or have a leasehold interest in the Property" as provided in is Motion to Dismiss . . ., (b) to the extent dismissal of IDB does not affect MasTec's rights to enforce its lien against the Property, and (c) based on discussions with IDB and Ascend that if the IDB is dismissed given the Property Interest Transfers that occurred *after* MasTec recorded its lien and filed the Complaint, IDB and Ascend will not use the dismissal of the IDB as a basis to refute, resist, or take an adverse position to MasTec's lien.

(Doc. 9, ¶ 3 (emphasis in original)).  MasTec concedes it knows of no law "that prevents the dismissal of the IDB given that 'IDB does not own or have a leasehold interest in the Property' [upon] the Property Interest Transfers occur[ing] *after* MasTec recorded the lien and filed the Complaint," yet it opposes the motion to dismiss to the extent any laws may exist "that cause MasTec's lien enforcement action to be compromised if the IDB is dismissed or to the extent Ascend attempts to assert some defense that IDB is a required party that should not have been dismissed."  (*Id.* ¶ 4 (emphasis in original)).

---

[2] The court may take judicial notice of the recorded deed and lease termination agreement without converting the motion to dismiss to a motion for summary judgment.  *See McCone v. Thorpe*, 828 F. App'x 697, 698 (11th Cir. 2020) (citing Fed. R. Evid. 201(b); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278-80 (11th Cir. 1999)) ("A district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment.").

The court's research also revealed no legal principle that would justify continuing to hold IDB liable when it no longer holds an ownership or leasehold interest in the property. Accordingly, the court **GRANTS** IDB's motion to dismiss and **DISMISSES** all claims against IDB. The dismissal of IDB shall proceed without prejudice until the conclusion of this litigation, as the court may entertain a motion to rejoin IDB should MasTec later conclude dismissing IDB interfered with its efforts to enforce the lien against Ascend. Once the court enters a final judgment in this action, the dismissal of IDB shall proceed with prejudice.

**DONE** and **ORDERED** this 18th day of May, 2023.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE